IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FINANCIAL TECHNOLOGY ASSOCIATION,<br><br>      Plaintiff,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau,<br><br>      Defendants. | Case No.  1:24-cv-2966-ACR |

**STATUS REPORT AND JOINT MOTION TO STAY**

On February 21, pursuant to Section 7(f) of the Court's Standing Order, Plaintiff Financial Technology Association filed a Request for Pre-Motion Conference indicating that it intended to move for summary judgment on its challenge to an interpretive rule issued by the Consumer Financial Protection Bureau, Truth in Lending (Regulation Z); Use of Digital User Accounts to Access Buy Now, Pay Later Loans, 89 Fed. Reg. 47,068 (May 31, 2024) (the Interpretive Rule).  *See* ECF No. 16.  Defendants Consumer Financial Protection Bureau and Russell Vought, in his official capacity as Acting Director of the Bureau, filed a response to Plaintiff's Request for a Pre-Motion Conference on February 28.  ECF No. 18.  In that response, Defendants requested that the Court not schedule a pre-motion conference nor set a briefing schedule while the Bureau's new leadership reviewed the Interpretive Rule.  *Id.*  Defendants proposed instead that they submit a status report to the Court by March 31 regarding whether

Defendants intended to defend the Interpretive Rule. *Id.* In accordance with that proposal, Defendants now submit this status report, and the parties jointly move to stay this matter.

The Bureau is planning to revoke the Interpretive Rule. To allow time for the Bureau to do so, the parties jointly request that the Court stay this litigation until the Interpretive Rule is revoked. The Bureau proposes to provide a status report with the Court by June 2, and every 30 days thereafter, regarding its progress toward revocation.

"A district court has 'broad discretion to stay proceedings as an incident to its power to control its docket.'" *Nat'l PFAS Contamination Coal. v. EPA*, No. CV 22-132 (JDB), 2023 WL 22078, at *3 (D.D.C. Jan. 3, 2023) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A trial court may enter a stay where "'it is efficient for its own docket and the fairest course for the parties'" to do so. *Id.* (quoting *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004)).

Here, the Bureau's revocation of the Interpretive Rule will moot the issues raised in this litigation. Staying this matter to allow the Bureau time to revoke the Interpretive Rule is appropriate to preserve the Court's and the parties' time. *Cf. id.* at *5 ("When an agency has a defined plan to promulgate a rule that would resolve the case and thereby save judicial resources, it is often proper for courts to stay proceedings while rulemaking proceeds."). Accordingly, the parties request that the Court stay this matter until the Interpretive Rule is revoked and order that the Bureau provide a status report regarding its progress toward revocation by June 2, and every 30 days thereafter.

Dated: March 26, 2025

/s/ *John R. Coleman*
John R. Coleman, D.C. Bar No. 90002867
Walter E. Zalenski, D.C. Bar No. 395205
ORRICK, HERRINGTON
   & SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3202
(202) 349-8006
jrcoleman@orrick.com

Nicholas González
ORRICK, HERRINGTON
   & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
(213) 629-2020
ngonzalez@orrick.com

*Counsel for Plaintiff Financial Technology Association*

Respectfully submitted,

Steven Y. Bressler
   *Deputy General Counsel*
Christopher Deal
   *Assistant General Counsel*

/s/ *Amanda J. Krause*
Amanda J. Krause
   *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7965 (phone)
(202) 435-7024 (fax)
amanda.krause@cfpb.gov

*Counsel for Defendants the Consumer Financial Protection Bureau and Russell Vought*