IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FINANCIAL TECHNOLOGY ASSOCIATION,<br><br>                      Plaintiff,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau,<br><br>                      Defendants. | Case No. 1:24-cv-2966-ACR |

**STATUS REPORT**

Defendants Consumer Financial Protection Bureau and Russell Vought, in his official capacity as Acting Director of the Bureau, respectfully submit this status report in accordance with the Court's March 31, 2025 Minute Order.

The Bureau recently withdrew multiple policy statements, interpretive rules, advisory opinions, and guidance documents, including the interpretive rule challenged by Plaintiff in this case, Truth in Lending (Regulation Z); Use of Digital User Accounts to Access Buy Now, Pay Later Loans, 89 Fed. Reg. 47,068 (May 31, 2024) (the BNPL Interpretive Rule).  *See* Interpretive Rules, Policy Statements, and Advisory Opinions; Withdrawal, 90 Fed. Reg. 20084, 20086 (May 12, 2025) (Withdrawal Notice).  The Withdrawal Notice stated that the Bureau "intends to continue reviewing all guidance documents to determine whether they should ultimately be retained." *Id.* at 20085.  The Bureau has determined that it does not intend to reissue the BNPL Interpretive Rule because it was procedurally defective and the interpretation included therein

applied ill-fitting open-end credit regulations to BNPL products, which are generally structured as closed-end loans.

In the BNPL Interpretive Rule, the Bureau interpreted certain language in the Truth in Lending Act's and Regulation Z's definitions of "credit card," *see* 5 U.S.C. § 1602(l); 12 C.F.R. § 1026.2(a)(15)(i), to include BNPL digital user accounts. This interpretation would have made entities offering BNPL loans "card issuers" or "creditors" subject to subpart B of Regulation Z. Existing commentary to Regulation Z, which was issued through notice and comment rulemaking, states that an "account number that accesses a credit account" is not a "credit card" "unless the account number can access an *open-end* line of credit to purchase goods or services." 12 C.F.R. § 1026.2(a)(15)-2.ii.C (emphasis added). That is, for closed-end credit (like BNPL products) an account number that accesses a credit account is not a credit card under Regulation Z. Nevertheless, the BNPL Interpretive Rule opined that for closed-end BNPL credit, a "BNPL digital user account" *is* a credit card, despite not offering any interpretive reason why that would be so when account numbers are not credit cards. *Cf. Nat'l Council for Adoption v. Blinken*, 4 F.4th 106, 114 (D.C. Cir. 2021) ("[A]n interpretive rule derives a proposition from an existing document … whose meaning compels or logically justifies the proposition.") (internal quotation marks and citation omitted). Any change to include closed-end BNPL credit in the definition of credit card should have been made through notice and comment rulemaking procedures to articulate any such distinctions or, as necessary, rescind or modify the existing Regulation Z commentary.

Moreover, the Bureau concludes that the BNPL Interpretive Rule inappropriately applied open-end credit regulations to closed-end BNPL loans with little benefit to consumers and substantial burden to regulated entities. Subpart B of Regulation Z, with limited exceptions, was

designed for credit cards and other open-end products. This is particularly reflected in its disclosure requirements, which anticipate revolving credit products with a billing cycle and the imposition of a finance charge. *See, e.g.*, 12 C.F.R. §§ 1026.6, 1026.7. The Interpretive Rule, however, extended these provisions to BNPL loans even though they are short-term, closed-end installment products that typically carry no finance charge. As a result, BNPL consumers would gain limited value from the mandated disclosures. In addition, the timing requirements for periodic statements, in particular—also designed for revolving credit—are mismatched to the repayment schedule of the traditional BNPL loan model, imposing significant operational burdens on BNPL providers who would have had to comply with the now-withdrawn Interpretive Rule.

Date: June 2, 2025

Respectfully submitted,

MARK PAOLETTA
   *Chief Legal Officer*
DANIEL SHAPIRO
   *Deputy Chief Legal Officer*
VICTORIA DORFMAN
   *Senior Legal Advisor*
CHRISTOPHER DEAL
   *Assistant General Counsel*

/s/ *Amanda J. Krause*
Amanda J. Krause
   *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7965 (phone)
(202) 435-7024 (fax)
Amanda.Krause@cfpb.gov

*Counsel for Defendants the Consumer Financial Protection Bureau and Russell Vought*